IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.	CASE NO. 1:03-cr-00043-MP-AK

MAURICE MCCLOUD,

    Defendant.

_____/

**O R D E R**

    This matter is before the Court on Doc. 117, Motion for Clarification, filed by Defendant Maurice McCloud.  In his motion, Defendant states that when he entered into a plea agreement, the Government agreed to file a motion under Rule 35(b) of the Federal Rules of Criminal Procedure if he provided substantial assistance.  Defendant states that although he has provided such assistance, the Government has not filed any Rule 35(b) motion or responded to Defendant's inquiries about this motion.  Because of this, Defendant requests that the Government be directed to file a response to his motion, or in the alternative, that the Court order the Government to file a Rule 35(b) motion.

    Prior to Defendant's sentencing, the Government filed a substantial assistance motion pursuant to United States Sentencing Guidelines, Section 5K1.1, and Title 18, United States Code, Section 3553(e).  Doc. 109.  Defendant was sentenced to 120 months, which is below the mandatory minimum sentence of 20 years, and the guidelines sentencing range of 210 to 262 months imprisonment.  A motion under Rule 35(b) allows the Court to reduce a sentence if a defendant, *after sentencing*, "provided substantial assistance in investigating or prosecuting another person."  FED.R.CRIM.P. 35(b)(1)(A).  Furthermore, this motion must be filed by the Government, and the Court has no discretion to reduce a sentence absent the Government filing a

*Page 2 of 2*

motion under Rule 35(b).

Defendant states that he provided substantial assistance to the Government in 2004. It is unclear from Defendant's motion whether this assistance occurred before or after Defendant was sentenced, which was on May 12, 2004. Defendant mentions that much of the information was provided to the Government when he was "debriefed." If this debriefing occurred prior to Defendant's sentencing hearing, then Rule 35(b) has no application to Defendant's assistance, as this was addressed by the Government in its 5K1 motion. On the other hand, if Defendant provided substantial assistance after he was sentenced, the Government was required under Rule 35(b)(1) to file any substantial assistance motion within one year of sentencing. This time period has already expired. Rule 35(b)(2) provides several exceptions to the one-year filing requirement, but it is within the Government's discretion to evaluate the assistance provided and then file a substantial assistance motion with the Court. The Court cannot order the Government to file a Rule 35(b) motion. Accordingly, Defendant's alternative motion for relief is denied.

**DONE AND ORDERED** this   *26th* day of July, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge